AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____     District of     _____Delaware_____

UNITED STATES OF AMERICA
V.
_____Rafael Murillo-Aguilar_____
        Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-112M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ____ clear and convincing evidence  X a preponderance of the evidence Since a detainer had been lodged by ICE, defendant waived his right to a detention hearing at the present time, but retained his right to have such a hearing in the future. A review of the the pretrial services report and the evidence presented at the preliminary hearing convinces the Court that detention would have been ordered absent defendant's waiver for the following reasons:
1. Defendant has been deported on 4 occasions from 3 different locations. After each deportation, defendant has returned to the US without permission. Such conduct shows that defendant is not inclined to follow court orders.
2. Defendant has used at least 7 aliases, 4 different dates of birth and 6 SS numbers, conduct which indicates serious attempt to remain undetected.
3. Defendant has a significant criminal history which includes a conviction in 1991 in Connecticut for possession of cocaine, a conviction for assault 3rd in Connecticut in 1997, a finding that defendant was a fugitive from another state in Delaware in 2003 which resulted in his extradiction to Virginia, subsequently a conviction in Virginia for failure to appear and for breaking and entering and grand larceny and a conviction in Delaware in May 2005 for use of a narcotic schedule II controlled substance. For this offense a warrant wa issued for non-appearance in March 2005.
4. Defendant has at least two addresses in DELJIS: one in Kennett Square, PA and the other in Newark, DE. Multiple addresses suggests another means or attempt to remain undetected or abscond.
For the reasons contained herein, the Court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required.

FILED
AUG 2 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____
_____

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

August 23, 2005
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).